DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Redell Windley has appealed an order of the Summit County Court of Common Pleas which granted summary judgment in favor of United Disability Services, Inc. ("United"). This Court dismisses the appeal for want of jurisdiction.
 I
Windley was injured when he slipped and fell in United's parking lot. He filed a two-count complaint against United, asserting that United was liable for failing to properly maintain and supervise its parking lot, and that United's act or omission was intentional.[1] United responded, and moved for summary judgment. Windley requested and was granted an extension of time in which to file a motion in opposition, but never responded. The trial court granted summary judgment in favor of United on both counts of Windley's complaint on February 6, 2001.
Windley filed a motion for reconsideration in the trial court on February 27, 2001. United opposed the motion. On March 7, 2001, Windley filed a notice of appeal in this Court; case number 20484 was assigned to the appeal. On March 16, 2001, the trial court struck Windley's motion for reconsideration as a nullity. Windley filed a motion in the trial court to convert his motion for reconsideration into a motion to vacate the trial court's February 6, 2001 order.
This Court, on March 13, 2001, ordered Windley to file a memorandum, with any necessary supporting materials, demonstrating that the trial court's February 6, 2001 journal entry is a final appealable order. This Court's March 13, 2001 order provided: "If [Windley] fails to respond, [the] appeal shall be dismissed." Windley failed to respond, and this Court dismissed the appeal for Windley's non-compliance with our order.
On May 2, 2001, the trial court issued an order stating: "It is hereby the order of this Court that [United's] Motion for Summary Judgment is granted as to each of [Windley's] causes of action. Accordingly, having dismissed all of [Windley's] claims, this constitutes a Final Appealable Order."[2] On June 1, 2001, Windley filed a notice of appeal from the May 2, 2001 journal entry.
 II
Pursuant to App.R. 4(A), Windley was required to file his notice of appeal "within thirty days of entry of the judgment or order appealed * * *." Final judgment was entered in this matter on February 6, 2001, when the court granted summary judgment in favor of United on both counts of Windley's complaint. There were no other parties to the action, and no other claims pending. Therefore, Windley was required to file his notice of appeal on or before March 8, 2001. He did file a notice of appeal on March 7, 2001, and case number 20484 was assigned to the appeal. However, the appeal was dismissed on April 10, 2001, for Windley's failure to comply with this Court's March 13, 2001 order. The trial court's May 2, 2001 journal entry did not revive the time in which Windley had to file his notice of appeal.
The notice of appeal in the present case was filed on June 1, 2001, eighty-five days beyond the App.R. 4(A) deadline. Because Windley's notice is untimely, this Court does not have jurisdiction to hear the appeal.
 III
Based upon the foregoing, this appeal is dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] United filed a third-party complaint against Dave Anderson and Anderson's Snow Plow Service, but voluntarily dismissed the complaint on May 25, 2000.
[2] We note that the trial court is without authority to determine this Court's jurisdiction.